Case4:03-cv-04620-CW Document12 Filed12/03/03 Page1 of 19

John L. Cooper (State Bar No. 050324)
James W. Morando (State Bar No. 087896)
Anthony P. Schoenberg (State Bar No. 203714)
Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Defendant and Counterclaimant
DOLBY LABORATORIES, INC. and
Counterclaimant DOLBY LABORATORIES
LICENSING CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELEGENT TECHNOLOGIES INC.,<br><br>Plaintiff,<br><br>v.<br><br>DOLBY LABORATORIES, INC.,<br><br>Defendant. | Case No. C 03 4620 CW<br><br>DOLBY'S ANSWER AND COUNTERCLAIMS FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |
| DOLBY LABORATORIES, INC. and DOLBY LABORATORIES LICENSING CORPORATION,<br><br>Counterclaimants,<br><br>v.<br><br>ELEGENT TECHNOLOGIES INC.,<br><br>Counterdefendant. | |

Defendant Dolby Laboratories, Inc. ("Dolby") hereby answers the Complaint (the "Complaint") of plaintiff Elegent Technologies, Inc. as follows:

1. Responding to paragraph 1 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DOLBY'S ANSWER AND COUNTERCLAIMS C 03 4620 CW

18349\667995.1

2. Responding to paragraph 2 of the Complaint, Dolby is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of said paragraph, and on that basis denies the allegations. Dolby denies each and every remaining allegation contained in said paragraph.

3. Responding to paragraph 3 of the Complaint, Dolby admits that Elegent purports to seek the alleged relief but denies that Elegent is entitled to any such relief, or any other relief.

4. Responding to paragraph 4 of the Complaint, Dolby admits that Elegent purports to assert claims under the statutory and common law alleged in said paragraph but denies that Elegent can or has stated any valid claim. The remaining allegations of paragraph 4 call for a legal conclusion to which no answer is required.

5. Responding to paragraph 5 of the Complaint, Dolby does not contest the Court's subject matter jurisdiction over Elegent's purported claims.

6. Responding to paragraph 6 of the Complaint, Dolby admits that it has offices in San Francisco and Brisbane, California and that it is subject to personal jurisdiction in California. Dolby denies the allegation that Dolby has "purposefully directed its unfair patent licensing program toward Elegent." Dolby is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and, on that basis, denies such allegations.

7. Responding to paragraph 7 of the Complaint, Dolby admits the allegations of said paragraph.

8. Responding to paragraph 8 of the Complaint, Dolby admits that the intradistrict assignment to the San Francisco Division of the United States District Court for the Northern District of California is appropriate. Dolby is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph and, on that basis, denies such allegations.

9. Responding to paragraph 9 of the Complaint, Dolby admits that Elegent is a corporation organized under the laws of the state of California with its principal place of business located in Fremont, California. Dolby is without sufficient knowledge or information to form a

belief as to the truth of the remaining allegations contained in said paragraph and on that basis denies such allegations.

10. Responding to paragraph 10, Dolby is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies such allegations, except for the allegations of the final sentence of said paragraph which Dolby expressly denies.

11. Responding to paragraph 11 of the Complaint, Dolby admits the allegations of said paragraph.

12. Responding to paragraph 12 of the Complaint, Dolby is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

13. Responding to paragraph 13 of the Complaint, Dolby is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first three sentences of said paragraph and, on that basis, denies such allegations. Dolby denies each and every remaining allegation contained in said paragraph.

14. Responding to paragraph 14 of the Complaint, Dolby is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15. Responding to paragraph 15 of the Complaint, Dolby is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

16. Responding to paragraph 16 of the Complaint, Dolby is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

17. Responding to paragraph 17 of the Complaint, Dolby is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

18. Responding to paragraph 18 of the Complaint, Dolby is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19. Responding to paragraph 19 of the Complaint, Dolby admits that Exhibit 2 to the Complaint is a true and correct copy of Dolby's letter to the ATSC dated September 6, 1994. Except as so admitted, Dolby denies each and every allegation contained in said paragraph.

20. Responding to paragraph 20 of the Complaint, Dolby is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21. Responding to paragraph 21 of the Complaint, Dolby denies each and every allegation contained therein in said paragraph.

22. Responding to paragraph 22 of the Complaint, Dolby admits that it enters into license agreements with licensees. Dolby further admits that Exhibits 3 and 4 to the Complaint are examples of such licenses. Insofar as the allegations of this paragraph concern the license agreements attached as Exhibits 3 and 4 to the Complaint, the terms of those license agreements speak for themselves. Except as so expressly admitted, Dolby is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in said paragraph and, on that basis, denies such allegations. In addition, Dolby expressly denies the allegations contained in the last sentence of said paragraph that Dolby "uses its two-tier licensing structure to foreclose opportunities to any potential competitors in either market."

23. Responding to paragraph 23 of the Complaint, Dolby admits that Elegent discussed the possibility of a license from Dolby. Except as so admitted, Dolby denies each and every allegation contained in said paragraph.

24. Responding to paragraph 24 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

25. Responding to paragraph 25 of the Complaint, Dolby admits that it sent an e-mail to Elegent that speaks for itself. Except as so expressly admitted, Dolby denies each and every allegation contained in said paragraph.

26. Responding to paragraph 26 of the Complaint, Dolby denies each and every

allegation contained in said paragraph.

27. Responding to paragraph 27 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

28. Responding to paragraph 28 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

29. Responding to paragraph 29 of the Complaint, Dolby denies the allegations contained in the first three sentences of said paragraph. Dolby is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the fourth and fifth sentences of said paragraph and, on that basis, denies such allegations.

30. Responding to paragraph 30 of the Complaint, is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein, except for Elegent's characterization of Dolby's licensing fees as "predominantly for Dolby's implementation and other non-patent intellectual property," which Dolby expressly denies.

31. Responding to paragraph 31 of the Complaint, the royalty rates set forth in the license agreement attached as Exhibit 4 to the Complaint speak for themselves. Otherwise, Dolby denies each and every allegation contained in said paragraph.

32. Responding to paragraph 32 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

33. Responding to paragraph 33 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

34. Responding to paragraph 34 of the Complaint, the terms of the license agreement attached as Exhibit 3 to the Complaint speak for themselves. Otherwise, Dolby denies each and every allegation contained in said paragraph.

35. Responding to paragraph 35 of the Complaint, the terms of the license agreements attached as Exhibits 3 and 4 to the Complaint speak for themselves. Otherwise, Dolby denies each and every allegation contained in said paragraph.

36. Responding to paragraph 36 of the Complaint, Dolby is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

37. Responding to paragraph 37 of the Complaint, Dolby is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

38. Responding to paragraph 38 of the Complaint, Dolby is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first, second, four and fifth sentences of said paragraph and, on that basis, denies such allegations. The third sentence of said paragraph is unintelligible and Dolby denies the allegations contained therein on that basis. Dolby denies each and every remaining allegation of said paragraph.

39. Responding to paragraph 39 of the Complaint, Dolby is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

40. Responding to paragraph 40 of the Complaint, with respect to the third sentence of said paragraph, the information on Dolby's website speaks for itself. Except as so admitted, Dolby denies each and every allegation contained in said paragraph.

41. Responding to paragraph 41 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

42. Responding to paragraph 42 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

43. Responding to paragraph 43 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

44. Responding to paragraph 44 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

45. Responding to paragraph 45 of the Complaint, the terms of the license agreements attached as Exhibits 3 and 4 to the Complaint speak for themselves. Otherwise, Dolby denies each and every allegation contained in said paragraph.

46. Responding to paragraph 46 of the Complaint, the fourth sentence of said

paragraph is a statement of legal policy to which no response is required. Otherwise, Dolby denies each and every allegation contained in said paragraph.

47. Responding to paragraph 47 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

48. Responding to paragraph 48 of the Complaint, Dolby incorporates by reference its responses to paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49. Responding to paragraph 49 of the Complaint, Dolby is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

50. Responding to paragraph 50 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

51. Responding to paragraph 51 of the Complaint, Dolby is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

52. Responding to paragraph 52 of the Complaint, is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegation that a "substantial amount of commerce" is involved in the licensing agreements that are challenged in this case and, on that basis, denies the allegation. Dolby denies each and every remaining allegation contained in said paragraph.

53. Responding to paragraph 53 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

54. Responding to paragraph 54 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

55. Responding to paragraph 55 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

56. Responding to paragraph 56 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

57. Responding to paragraph 57 of the Complaint, Dolby denies each and every

allegation contained in said paragraph.

58. Responding to paragraph 58 of the Complaint, Dolby incorporates by reference its responses to paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59. Responding to paragraph 59 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

60. Responding to paragraph 60 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

61. Responding to paragraph 61 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

62. Responding to paragraph 62 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

63. Responding to paragraph 63 of the Complaint, Dolby incorporates by reference its responses to paragraphs 1 through 62 of the Complaint as if fully set forth herein.

64. Responding to paragraph 64 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

65. Responding to paragraph 65 of the Complaint, Dolby is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

66. Responding to paragraph 66 of the Complaint, Dolby is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

67. Responding to paragraph 67 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

68. Responding to paragraph 68 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

69. Responding to paragraph 69 of the Complaint, Dolby incorporates by reference its responses to paragraphs 1 through 68 of the Complaint as if fully set forth herein.

70. Responding to paragraph 70 of the Complaint and each if its subparts, Dolby

denies each and every allegation contained in said paragraph and subparts.

71. Responding to paragraph 71 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

72. Responding to paragraph 72 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

73. Responding to paragraph 73 of the Complaint, Dolby incorporates by reference its responses to paragraphs 1 through 72 of the Complaint as if fully set forth herein.

74. Responding to paragraph 74 of the Complaint, Dolby admits that it sent a letter to the ATSC dated September 6, 1994, which is attached to the Complaint as Exhibit 2. Except as so admitted, Dolby denies each and every allegation contained in said paragraph.

75. Responding to paragraph 75 of the Complaint, the allegations contained therein constitute a legal conclusion to which no response is required.

76. Responding to paragraph 76 of the Complaint, the allegations contained therein constitute a legal conclusion to which no response is required. To the extent a response is required, Dolby denies each and every allegation contained in said paragraph.

77. Responding to paragraph 77 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

78. Responding to paragraph 78 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

79. Responding to paragraph 79 of the Complaint, Dolby incorporates by reference its responses to paragraphs 1 through 78 of the Complaint as if fully set forth herein.

80. Responding to paragraph 80 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

81. Responding to paragraph 81 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

82. Responding to paragraph 82 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

83. Responding to paragraph 83 of the Complaint, Dolby is without sufficient

knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

84. Responding to paragraph 84 of the Complaint, Dolby admits that Elegent purports to seek a judgment as described in said paragraph, but denies that Elegent is entitled to such a judgment or otherwise entitled to any relief whatsoever.

85. Responding to paragraph 85 of the Complaint, Dolby incorporates by reference its responses to paragraphs 1 through 85 of the Complaint as if fully set forth herein.

86. Responding to paragraph 86 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

87. Responding to paragraph 87 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

88. Responding to paragraph 88 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

89. Responding to paragraph 89 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

90. Responding to paragraph 90 of the Complaint, Dolby is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, denies each and every allegation contained therein.

91. Responding to paragraph 91 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

92. Responding to paragraph 92 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

93. Responding to paragraph 93 of the Complaint, Dolby incorporates by reference its responses to paragraphs 1 through 92 of the Complaint as if fully set forth herein.

94. Responding to paragraph 94 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

95. Responding to paragraph 95 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

96. Responding to paragraph 96 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

97. Responding to paragraph 97 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

98. Responding to paragraph 98 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

99. Responding to paragraph 99 of the Complaint, Dolby denies each and every allegation contained in said paragraph.

## DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure To State A Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Standing)

Elegent lacks standing to bring the Complaint and each purported claim therein.

### THIRD AFFIRMATIVE DEFENSE
(No Injury)

Elegent has not been injured in its business or property by reason or on account of the conduct complained of in the Complaint, and in any event has not suffered antitrust injury.

### FOURTH AFFIRMATIVE DEFENSE
(Legitimate Business Purpose)

Any agreement, association or other combination entered into by Dolby was reasonable and necessary to serve the legitimate business purposes of Dolby and/or some or all of the parties thereto. Furthermore, any such agreement, association or combination was not formed with the purpose or intent to suppress or restrain competition and has had no anticompetitive effects. Any such agreement, association or other combination had the purpose and effect of promoting, encouraging, or increasing competition and/or was in furtherance of trade.

FIFTH AFFIRMATIVE DEFENSE
(Cost Justification)

Any price differentials were the result of differences in the cost of manufacture, sale, or delivery resulting from the differing methods or quantities in which the subject commodities are sold or delivered.

SIXTH AFFIRMATIVE DEFENSE
(Estoppel)

Elegent's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

SEVENTH AFFIRMATIVE DEFENSE
(Waiver)

Elegent's claims are barred, in whole or in part, by the equitable doctrine of waiver.

EIGHTH AFFIRMATIVE DEFENSE
(Failure to Join Party)

The Complaint is barred, in whole or in part, for failure to join one or more indispensable parties.

NINTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

The Complaint, and each cause of action therein, is barred or should be reduced by reason of Elegent's failure to exercise reasonable care and diligence to mitigate its alleged damages.

TENTH AFFIRMATIVE DEFENSE
(Laches)

Elegent's claims are barred, in whole or in part, by the equitable doctrine of laches.

ELEVENTH AFFIRMATIVE DEFENSE
(Statute Of Limitations)

Elegent's claims are barred, in whole or in part, by the applicable statutes of limitations.

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

TWELFTH AFFIRMATIVE DEFENSE
(Reservation of Defenses)

Dolby specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert any such defenses.

WHEREFORE, Dolby prays for judgment as follows:

1. That the Complaint be dismissed with prejudice;

2. That the Court find that Elegent is not entitled to any judgment or relief;

3. That the Court enter judgment in favor of Dolby and against Elegent;

4. That the Court award Dolby its attorneys' fees, costs and expenses; and

5. That the Court award Dolby such other and further relief as the Court deems just and proper.

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

## COUNTERCLAIM

Dolby, for its counterclaim against Elegent, alleges as follows:

### PARTIES

1. Defendant and Counterclaimant Dolby is a California corporation with its principal place of business in San Francisco, California.

2. Counterclaimant Dolby Laboratories Licensing Corporation ("Dolby Licensing") is a New York corporation with its principal place of business in San Francisco, California. Dolby Licensing is a wholly-owned subsidiary of Dolby and is the exclusive licensor and distributor of Dolby's audio data rate reduction technologies used in the encoding and decoding of digital sound, including AC-3. Dolby and Dolby Licensing are referred to collectively for purposes of this counterclaim as "Dolby."

3. Dolby is informed and believes that Plaintiff and Counterdefendant Elegent is a California corporation with its principal place of business in Fremont, California.

### JURISDICTION

4. This counterclaim arises out of Acts of Congress relating to patents, 35 U.S.C. section 101, et seq.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. sections 1331 and 1338(a).

### GENERAL ALLEGATIONS

6. Dolby is recognized as a world-wide leader in the development and evolution of digital sound technology.

7. In the early 1990's, Dolby developed technology commonly known as Dolby AC-3, an audio data rate reduction technology used in the encoding and decoding of digital sound in a variety of storage media, including DVD's. Dolby owns a number of patents relating to AC-3 technology.

8. Dolby is informed and believes that Elegent, without Dolby's authorization, has begun to, and continues to, manufacture, market and offer for sale within the United States products that use Dolby's patented AC-3 technology.

**FIRST COUNTERCLAIM FOR RELIEF**
**(U.S. Patent No. 5,357,594)**

9. Dolby realleges and incorporates by reference, as if fully set forth herein, the allegations set forth in Paragraphs 1-8, inclusive, above.

10. On October 18, 1994, United States Patent No. 5,357,594 ("'594 patent") disclosing and claiming an invention entitled " Encoding And Decoding Using Specially Designed Pairs Of Analysis And Synthesis Windows " was issued from an application filed on June 16, 1993 in the name of inventor Louis D. Fielder. Dolby Licensing is the assignee of the '594 patent, which is incorporated into Dolby's AC-3 technology. A true and correct copy of the '594 patent is attached hereto as Exhibit A.

11. Upon information and belief, Elegent was aware of and had knowledge of the '594 patent at the time it began manufacturing, marketing and/or offering for sale its infringing products that use the AC-3 technology.

12. Upon information and belief, Elegent has directly, indirectly, contributorily, and/or by inducement, willfully infringed the claims of the '594 patent in this judicial district and elsewhere and will continue to do so unless enjoined by this Court.

13. Elegent's infringement of the '594 patent has injured Dolby and will continue to do so unless enjoined by this Court.

**SECOND COUNTERCLAIM FOR RELIEF**
**(U.S. Patent No. 5,479,562)**

14. Dolby realleges and incorporates by reference, as if fully set forth herein, the allegations set forth in Paragraphs 1-13, inclusive, above.

15. On December 26, 1995, United States Patent No. 5,479,562 ("'562 patent") disclosing and claiming an invention entitled "Method And Apparatus For Encoding And Decoding Audio Information" was issued from an application filed on June 18, 1993 in the name of inventors Louis D. Fielder and Grant A. Davidson. Dolby Licensing is the assignee of the '562 patent, which is incorporated into Dolby's AC-3 technology. A true and correct copy of the '562

patent is attached hereto as Exhibit B.

16. Upon information and belief, Elegent was aware of and had knowledge of the '562 patent at the time it began manufacturing, marketing and/or offering for sale its infringing products that use the AC-3 technology.

17. Upon information and belief, Elegent has directly, indirectly, contributorily, and/or by inducement, willfully infringed the claims of the '562 patent in this judicial district and elsewhere and will continue to do so unless enjoined by this Court.

18. Elegent's infringement of the '562 patent has injured Dolby and will continue to do so unless enjoined by this Court.

**THIRD COUNTERCLAIM FOR RELIEF**
**(U.S. Patent No. 5,394,473)**

19. Dolby realleges and incorporates by reference, as if fully set forth herein, the allegations set forth in Paragraphs 1-18, inclusive, above.

20. On February 28, 1995, United States Patent No. 5,394,473 ("'473 patent") disclosing and claiming an invention entitled "Adaptive-Block-Length, Adaptive-Transforn, And Adaptive-Window Transform Coder, Decoder, And Encoder/Decoder For High-Quality Audio" was issued from an application filed on April 12, 1991 in the name of inventor Grant A. Davidson. Dolby Licensing is the assignee of the '473 patent, which is incorporated into Dolby's AC-3 technology. A true and correct copy of the '473 patent is attached hereto as Exhibit C.

21. Upon information and belief, Elegent was aware of and had knowledge of the '473 patent at the time it began manufacturing, marketing and/or offering for sale its infringing products that use the AC-3 technology.

22. Upon information and belief, Elegent has directly, indirectly, contributorily, and/or by inducement, willfully infringed the claims of the '473 patent in this judicial district and elsewhere and will continue to do so unless enjoined by this Court.

23. Elegent's infringement of the '473 patent has injured Dolby and will continue to do so unless enjoined by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Dolby prays for judgment as follows:

1. That the Court declare that Elegent and its respective agents, servants, officers, directors, employees, joint venturers and all other persons acting in concert with them, directly or indirectly, contributorily and/or by inducement, have willfully infringed U.S. Patent Nos. 5,357,594, 5,479,562 and 5,394,473;

2. That Elegent and its respective agents, servants, officers, directors, employees, joint venturers and all other persons acting in concert with them, directly or indirectly, be preliminarily and permanently enjoined from infringing, inducing others to infringe, or contributing to the infringement of U.S. Patent Nos. 5,357,594, 5,479,562, and 5,394,473;

3. That Elegent be ordered to account for and pay to Dolby the damages to which Dolby is entitled as a consequence of infringement, including but not limited to, a reasonable royalty and enhanced damages pursuant to 35 U.S.C. § 284;

4. That Dolby be awarded pre-judgment interest, its costs, disbursements and attorneys' fees incurred herein under 35 U.S.C. § 285; and

5. For such other and further relief the Court deems just and proper.

DATED: December 3, 2003

FARELLA BRAUN & MARTEL LLP

By: /s/
John L. Cooper

Attorneys for Defendant and Counterclaimant DOLBY LABORATORIES, INC. and Counterclaimant DOLBY LABORATORIES LICENSING CORPORATION

Case4:03-cv-04620-CW Document12 Filed12/03/03 Page18 of 19

**DEMAND FOR JURY TRIAL**

Dolby hereby demands a trial by jury on all issues so triable.

DATED: December 3, 2003

FARELLA BRAUN & MARTEL LLP

By: /s/
John L. Cooper

Attorneys for Defendant and Counterclaimant DOLBY LABORATORIES, INC. and Counterclaimant DOLBY LABORATORIES LICENSING CORPORATION

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DOLBY'S ANSWER AND COUNTERCLAIMS C 03 4620 CW

- 18 -

18349\667995.1

Case4:03-cv-04620-CW Document12 Filed12/03/03 Page19 of 19

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Ray Dolby (Chairman and founder of Dolby Laboratories)

DATED: December 3, 2003

FARELLA BRAUN & MARTEL LLP

By: /s/
John L. Cooper

Attorneys for Defendant and Counterclaimant DOLBY LABORATORIES, INC. and Counterclaimant DOLBY LABORATORIES LICENSING CORPORATION

Farella Braun & Martel LLP
Russ Building
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

DOLBY'S ANSWER AND COUNTERCLAIMS C 03 4620 CW

- 19 -

18349\667995.1